IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:19-MJ-98 (CFH) |
| ) | |
| ) | Speedy Trial Exclusions: 18 U.S.C. |
| **v.** ) | 3161(h)(1)(D), (H) [filing of motion through |
| ) | 30 days after motion is fully submitted] |
| ) | |
| **JASON PANTONE,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

**Contents**

I. Introduction ........................................................................................................................... 1

II. Statement of Facts ................................................................................................................. 1

III. Argument .............................................................................................................................. 3

    a. The defendant's procedurally improper motion is not ripe and should be denied…………3

    b. Even if the defendant's motion was ripe, defendant's assertions are meritless under Federal Rules of Criminal Procedure, Rule 21(b) ............................................................. 4

I. **Introduction**

The defendant is charged by complaint with a violation of Title 18, United States Code, Section 1308. The charge arises from when the defendant mailed thirteen letters to the Social Security Administration Offices and United States District Court Offices in the Northern District of New York, and elsewhere, which contained a white powder and a written note stating the white powder was Anthrax.

This memorandum is submitted in response to the defendant's Motion to Transfer Venue, specifically requesting this matter be transferred to the Southern District of New York. Dkt. No. 6. The defendant alleges that a change of venue is necessary for the convenience of parties and in the interest of justice. *Id.* The defendant's motion should be denied because: (1) it is not yet ripe; (2) it is improperly filed in Magistrate Court; and, (3) it is meritless.

The parties agree on the accuracy of the facts as generally outlined in the defendant's motion. However, the government has included an affidavit, Exhibit 1, to supplement the cited facts.

II. **Statement of Facts**

Beginning in February 2019, the defendant mailed thirteen (13) letters containing white powder, "White Powder Letters," or "WPLs," from his residence in Hyde Park, New York to twelve (12) locations. *See* Exhibit 1. Each WPL threatened that the white powder inside the envelope was "ANTHRAX," indicated by a piece of paper with the typed word "ANTHRAX" on it. *Id.* Some of the letters included a smiley face with "X" eyes. *Id.* One enclosed a typed letter bearing the words: "The substance contained in this letter is Anthrax. *Id.* It's very dangerous and can result in death if inhaled or touched." *Id.* Appearing immediately below the message was the same smiley face with "X" eyes, as previously described. *Id.*

1

Eight (8) letters were addressed to Social Security Administration Offices in the States of New York (Plattsburgh (2), Binghamton, Utica, West Nyack, White Plains) and Connecticut (Hartford, Torrington). *Id.* An additional five (5) letters were addressed to United States District Court offices within the Northern District of New York (Syracuse, Binghamton, Albany, Plattsburgh, and Utica). *Id.* The lead agents in the matter were assigned to Plattsburgh, New York and Albany, New York.[1] *Id.*

On February 25, 2019, the Federal Protective Service in Washington D.C. forwarded an anonymous tip they had received through their online website to the Federal Protective Service Agent in Albany, New York. *Id.* The anonymous tip indicated that the defendant had sent hoax anthrax letters to Social Security offices in upstate New York. *Id.* The text of the tip stated, "Jason Pantone has been mailing fake/hoax anthrax letters to the social security offices in upstate New York. He leaves the letters in his mailbox to be picked up by the mailman. Why? I think because he was very upset over his SSA disability denial. He was denied a while ago, but recently talks about it a lot. He has been sending letters for about a week or so." *Id.*

Federal law enforcement officers were able to locate the defendant's alleged address, and agents were dispatched from Albany to conduct surveillance of the residence. *Id.* The defendant was placed under arrest. *Id.* The defendant agreed to speak with law enforcement officers. *Id.* The defendant stated that he did not choose the victims for any specific reason. *Id.* The defendant stated he sent approximately nineteen (19) letters to various Social Security Administration Offices in the state of New York and Connecticut and five (5) U.S. District Court offices. *Id.*

---

[1] An additional six (6) letters were mailed to locations in Connecticut and areas around Buffalo, New York.

**III.     Argument**

    **a. The defendant's procedurally improper motion is not ripe and should be denied.**

In the first instance, the defendant's motion seeking judicial relief is procedurally improper and not ripe for consideration and therefore, must be denied.

Upon designation by a district judge, pretrial matters may be heard and determined by a magistrate judge, while acting under the district judge's jurisdiction. *Federal Criminal Practice: A Second Circuit Handbook*, Mehler, Gleeson, James, and Cooley (Eighteenth Edition, 2008); *see also* 28 U.S.C. § 636(b)(1)(A). A district judge may refer any matter that does not dispose of a charge or a defense to a magistrate judge for determination. *See* Fed. R. Crim. Proc. 59(a). The instant matter is not yet in the District Court and therefore could not be assigned to the Magistrate Court in accordance with Rule 59.

Similarly, the matter is not ripe for consideration, in part because it has not yet been indicted. At the core of the ripeness doctrine is the necessity of "ensuring that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution" by "preventing a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 90 (2d Cir.2002). A claim is not ripe "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257 (1998); *United States v. Santana*, 761 F. Supp. 2d 131, 138–39 (S.D.N.Y. 2011).

"In evaluating a claim to determine whether it is ripe for judicial review, [the courts] consider both 'the fitness of the issues for judicial decision' and 'the hardship of withholding court

consideration." *Santana*, 761 F. Supp. 2d 131 at 139.   An issue is "fit" for decision if its effects are "sufficiently direct and immediate." *Id.*.  The "hardship" requirement asks whether a party will suffer some present harm if the court postpones the decision of a given question. *Id.*; *United States v. Johnson,* 446 F.3d 272, 278 (2d Cir.2006) ("The mere possibility of future injury, unless it is the cause of *some present detriment,* does not constitute the requisite hardship.")(emphasis in original).

Here, the defendant's assertions are "merely speculative" and fall far short of satisfying either requirement for ripeness.  The motion reeks of anticipation of future events – post-indictment, court assignment, discovery, pre-trial, during jury empanelment, and trial.[2]  Thus, the defendant's motion should be denied.

### b. Even if the Defendant's motion was ripe, defendant's assertions are meritless under Federal Rules of Criminal Procedure Rule 21(b).

Finally, the defendant fails to establish any basis for a transfer under Rule 21(b).  Where the choice of venue is in the first instance a matter of prosecutorial discretion, (*United States v. Walker*, 665 F.3d 212, 223 (1st Cir. 2011), the disposition of a Rule 21(b) motion is vested in the sound discretion of the district court.  *United States v. Stephenson,* 895 F.2d 867, 875 (2d Cir.1990); *United States v. Keuylian,* 602 F.2d 1033, 1038 (2d Cir.1979).  "A court may transfer a criminal case to another district 'for the convenience of the parties, any victim, and the witnesses, *and* in the interest of justice.' " *Walker*, 665 F.3d 212 at 221–22 (1st Cir. 2011).

---

[2] Ripeness may be raised on the Court's own motion, as the Court is not bound by the positions of the parties, or any other mandate, on the issue.  *United States v. Fell,* 360 F.3d 135, 139 (2d Cir.2004); *United States v. Quinones,* 313 F.3d 49, 57–58 (2002).

In deciding a motion under Rule 21(b), the court should consider such factors as: (a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendants' businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstance that might bear on the desirability of transfer. *United States v. Maldonado-Rivera*, 922 F.2d 943, 965 (2d Cir. 1990); *Stephenson* at 895 F.2d 867, 875; *see Platt v. Minnesota Mining & Manufacturing Co.,* 376 U.S. at 243–44, 84 S.Ct. at 771–72. The court has discretion to determine which of the factors deserve the greatest weight in the case before it. *Maldonado-Rivera*, 922 F.2d 943, 966 (2d Cir. 1990). Rule 21(b) "lists 'convenience' and 'interest of justice' conjunctively" and requires that the Court find both factors. *Quiles–Olivo* at 185; *Walker,* 665 F.3d at 224. The defendant's motion fails to satisfy either.

        **i.   The defendant has failed to establish transfer would be more convenient.**

In support of his motion, the defendant cites five of the ten *Maldonado-Rivera* factors. Dkt. No. 6. For the first four, the defendant offers only a cursory sprinkling of substance to satisfy the convenience requirement. Dkt. No. 6. First, the defendant cites that he may be inconvenienced because he lives in Dutchess County, New York, even though he is currently incarcerated pending the outcome of this matter. Dkt. No. 6.[3]

---

[3] The defendant notes that there has been discussion of possible conditions of release, and if he were to be released, his location *could* become a factor for inconvenience as he would return to his home in the SDNY. Dkt. No. 6 (emphasis added). To be sure, the government has not, and will not entertain any set of conditions that would result in the release of the defendant.

Next, the defendant seemingly combines three factors in an effort to establish inconvenience. Dkt. No. 6. For instance, the defendant notes that two of the WPLs were mailed to locations in the SDNY, Dkt. No. 6, which is wholly irrelevant to the case at bar.[4] The defendant presumes a psychiatric nurse practitioner will be a witness. To the extent the defendant is suggesting the entire case should be transferred to SDNY because it may be more convenient for this one witness, that argument fails..[5] Finally, the defendant asserts that, upon arrest, he was interviewed in SDNY. It is unclear how the location at which the defendant was interviewed by law enforcement officers propels a change of venue. In sum, the defendant fails to provide any semblance of factual foundation regarding inconvenience[6] and his motion for change of venue should be summarily denied.

### ii. The defendant has failed to establish that transfer is warranted in the interest of justice.

As the defendant has already woefully failed to establish the convenience factor, any argument based on the interest of justice is moot. *Quiles–Olivo* at 185; *Walker,* 665 F.3d at 224.

---

[4] The defendant committed the bulk of the offenses in the NDNY, not the SDNY. The defendant is only currently charged with one count of 18 U.S.C. § 1038 based on a mailing addressed to and delivered to a NDNY address. The government will determine, at a later date, what events will correlate and be attributed to the defendant for that one count in the NDNY, or for that matter, several counts in NDNY, all of which may be directly related to witnesses in the NDNY, or other districts, and may or may not require witnesses to travel a short distance to testify.

[5] It is worth noting that the SDNY is immediately adjacent to the NDNY, which allows for easy access by major highways. Moreover, the government will determine what witnesses are required to prove its case, which may or may not include this witness.

[6] All the while, defendant fails to address the "location of defense counsel." *Maldonado-Rivera*, 922 F.2d 943, at 965. In the instant matter, defense counsel for the defendant is located in Albany, New York, in the NDNY, and therefore, not inconvenienced when this matter remains in the NDNY.

In any event, the defendant's argument for relief based on interest of justice relies heavily upon *United States v. Wright*, 603 F. Supp. 2d 506, 508 (E.D.N.Y. 2009), a case which is separate and distinct from the facts at hand.

In *Wright*, the victim was an Assistant United States Attorney, who was subject to a violent attack by the defendant during a sentencing hearing. *Wright*, 603 F. Supp. 2d at 506. The defendant was indicted and scheduled to appear for trial in the same courthouse.[7] The defendant filed a motion for change of venue. *Id*. at 506. The court noted "the assault is charged to have taken place here—in fact, in a cookie cutter copy of the very courtroom where this trial would be held. The potential witnesses, with their Eastern District roots—the sentencing judge, the courtroom deputy clerk, the court reporter, the marshals—are all familiar by name and nod to the personnel who would staff any trial…". *Id.* at 507. In sum, the witness list in this matter included everyone that worked in the courtroom that day, the victim in the case was the prosecutor, and the government did not object to the change of venue, rather the U.S. Attorney's Office recused itself from the matter. *Id. at* 507.

Here, the government's witness list does not include any court personnel and the defendant did not commit the act in the court.[8] While the government may call the victims as witnesses, including clerks in NDNY, the parallel drawn by the defendant between prosecutors and clerks is unfair and misleading. A clerk does not play an adversarial role in the proceedings, leverage charges, make opening statements, or assert arguments. Indeed, the victims of the instant matter are not even assigned to courtrooms or judges. Moreover, to the extent the defendant argues clerks

---

[7] Of note, the procedural posture in *Wright* differs from the instant case which is charged only by complaint.

[8] Again, the defendant's argument serves to illustrate that his motion is not ripe.

are part of the court family, such status would be the same in SDNY.  At bottom, the matter lies with the jury, whose selection through voir dire will systematically remove any such bias.

In *Quiles-Olivo*, 684 F.3d at 182–83, is more similar to the instant matter.  There, the defendant, as part of a political protest, destroyed computers located in the clerk's office.  Two clerks witnessed the event and hit the emergency security button. *Id*.  The defendant filed a motion for a change of venue under Rule 21(b) contending that all government witnesses (with the exception of a testifying local lawyer) were courthouse employees who would inevitably be entitled to greater deference at trial due to their status as "members of the district court family." *Quiles-Olivo*, at 182–83.  The district judge, when denying *Quiles's* motion, expressly rejected W*right,* and noted that the contention that court personnel—some of whom would serve as trial witnesses—employed at same courthouse in which crime transpired and trial was to occur would, by nature of their courthouse employment, treat defendant's case differently than any other case is unfounded.  *Quiles-Olivo*, 684 F.3d 177, 182–84 (1st Cir. 2012).

### IV. Conclusion

For the foregoing reasons, the defendant's motion should be denied.

        Respectfully submitted,

        GRANT C. JAQUITH
        United States Attorney

By:    /s/ *Troy Anderson*
        Troy Anderson
        Assistant United States Attorney
        Bar Roll No. 700369

**Certificate of Service**

I, Troy Anderson, hereby certify that I served a copy of this response on defense counsel by electronic filing.

        */s Troy Anderson*
March 30, 2019         Troy Anderson
        Assistant U.S. Attorney